LEIGH M. CLARK, Retired Circuit Judge.
Appellant urges that the evidence was not sufficient to support the verdict of the jury fipding him guilty of robbery of Linda Harris, for which the court sentenced him to imprisonment for ten years.
According to the testimony of the alleged victim, she drove an automobile about 5:15 P.M. on May 17, 1979, to a parking lot at Summit House Apartments at 1144 Sixteenth Avenue, South, Birmingham, Alabama, to visit a friend who lives there. As she was entering the parking lot, she observed, two black males in the lot walking toward the street; she parked the automobile about thirty feet from where she first observed the men; after listening to a song on the radio, she proceeded to leave the automobile with a cake in one hand and her purse in the other. When she opened the door to depart, she saw a pistol pointed at her. The pistol was in the hand of one of the two black males she had just previously seen; he was not the defendant. According to her positive and convincing evidence, the other man was the defendant. He was standing at the time about five feet behind the automobile. The person holding the pistol asked her for her purse, which was in her left hand. After asking him what he wanted with her purse, she stated that she *646 only had a dollar, and at that time she dropped the cake. There was a struggle between the two for the purse. While struggling for it, the person with the pistol cocked it, but the victim still refused to give him the purse and he hit her on the head with the pistol. While all of this was taking place, defendant was standing behind the automobile. The man with the pistol succeeded in taking the purse from the victim and ran off with it, with the victim running after him. Defendant also ran off, running in front of the other man. She was unable to overtake them. They passed out of her view and she lost sight of defendant before she did of the man with the pistol. While defendant was standing behind the automobile, he turned his head from side to side. The two persons mentioned were the only persons the victim saw during any of the time that she was parking the automobile, was being assaulted by the person with the pistol, and while she was in fresh pursuit of him. While the two men were running, defendant was five or ten feet ahead of the man with the pistol. There was a rail dividing the particular parking lot from other premises and a “drop-off” therefrom to another parking lot. While she was in pursuit and had “rounded” a building, she saw defendant “and the other person at the rail and proceeding over the rail.” She did not go into the other parking lot, but she then saw some other people there and yelled for them, “stop him, he has my purse.” They “ran after them” but to no avail.
The only other witness in the case was Dennis Bates, twenty years of age, who said he knew defendant, and one Tyrone Tins-ley. He said that on May 24, 1979, he was with defendant and Tyrone Tinsley “at Tyrone’s house” and had a conversation with them. Some time that day he talked with Sergeant Roberson of the Birmingham Police Department. About a week or two thereafter defendant walked over to the witness in “UAB Park” and asked him “why did I bring the policeman to his house.” According to his testimony, defendant then proceeded to beat him with a ping-pong paddle and said to him that “he was going to kill me if I testified.”
In our opinion, there was ample evidence to support a finding that defendant was an accomplice to the robbery and therefore was guilty of the crime charged. Code of Alabama, 1975, § 13-9-1.
In regard to appellant’s assertion that the testimony of Dennis Bates was not admissible against defendant, it has been uniformly held that such testimony is admissible.
“The general rule is that a party’s attempt to suppress evidence is admissible against him. This suppression commonly comes in the form of threatening a witness that something terrible will happen to him if he testifies against the threatening party.
“Testimony of the nature being discussed is admissible as an implied admission of a party as to his guilt or negligence. Such is considered to be in the category of an implied admission from conduct. . . ”
Gamble, McElroy’s Alabama Evidence § 190.02 (1977).
The record is free of error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.